# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| ISMAEL RINCON, | Case No.: 5:23CV17 |
| *Plaintiff,* | PLAINTIFFS ORIGINAL COMPLAINT |
| vs. | |
| CARLOS IBARRA, in his individual and official capacities, GERARDO JALOMO, in his individual and official capacities, ROBERTO MIRELES, JR., in his official and individual capacities, and CITY OF LAREDO, TEXAS | EXHIBITS 1-7 attached hereto and incorporated herein<br><br>DEMAND FOR TRIAL BY JURY |
| *Defendants,* | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff Ismael Rincon, *pro se* in the above-titled cause, hereby files this, his Original Complaint for deprivation of certain of his Constitutionally guaranteed and protected civil rights relating to the 4th Amendment.

Plaintiffs Original Complaint                                                                  Page   1

## I. JURISDICTION AND VENUE

1. Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

2. Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## II. PARTIES

3. Plaintiff ISMAEL RINCON, hereinafter "RINCON", at all times relevant herein, was domiciled in the State of Texas.

4. Plaintiff is informed and believes that Defendant, CARLOS IBARRA, hereinafter "IBARRA", was a sworn Peace Officer employed by the City of Laredo in the State of Texas, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for defendant City of Laredo. IBARRA is being sued in his individual and official capacities.

5. Plaintiff is informed and believes that Defendant, GERARDO JALOMO, hereinafter "JALOMO", was a sworn Peace Officer for the City of Laredo in the State of Texas, and at all times relevant to this complaint, was acting as an

employed, compensated, enriched and rewarded employee for defendant City of Laredo. JALOMO is being sued in his individual and official capacities.

6. Plaintiff is informed and believes that Defendant, ROBERTO MIRELES, JR., hereinafter "MIRELES", was a sworn Peace Officer and supervising officer for the City of Laredo in the State of Texas, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for defendant City of Laredo. MIRELES is being sued in his individual and official capacities.

7. Plaintiff is informed and believe that Defendant, City of Laredo, through this complaint and hereafter "CITY OF LAREDO", is an incorporated municipality within Webb County in the State of Texas, and can be sued as such person specific to this lawsuit.

### III. GENERAL FACTUAL ALLEGATION

8. RINCON owns and works in his own janitorial company. Further, RINCON is a Type 1 Diabetic[1] and carries food and snacks with him which he must eat at regular intervals in order to avoid serious medical complications. Because RINCON generally works at night by himself and works in different areas, he carries a pistol concealed in the front console of his vehicle and small arms rifles in the car as well

---

[1] Type 1 Diabetics are insulin dependent.

9. At approximately 1:10 a.m. on February 6, 2021, RINCON, who was by himself, was driving from one job location to his next job site. As he was driving, he reached over to the passenger seat and picked up some snacks he brings to eat to aid in maintaining his blood sugar level in between meals. He then pulled over into an empty parking lot at a strip mall located at 9802 McPherson Road in Laredo, Texas. RINCON then parked his vehicle in a parking spot.

10. RINCON noticed across the parking lot there were two City of Laredo Police vehicles parked near each other with no lights on of any kind. Within a few seconds, RINCON observed each vehicle activate their emergency lights and both vehicles drove toward and parked near him. RINCON then put on and activated his special eye glasses that video and audio record and recorded the encounter.

11. IBARRA exited the police vehicle he was in and walked over to the driver side of RINCON's vehicle. RINCON opened up his driver side window when IBARRA arrived, *Exh. 1 at 00:05* – 00:12, IBARRA asked RINCON what he was doing in the parking lot and RINCON stated that he was getting something to eat.

12. IBARRA stated to RINCON that because RINCON was operating a vehicle after 6 p.m. he was in violation of the curfew issued by the City of

Laredo[2], see *Exh.1 00:20 – 00:32. Exh. 2 at Page16-Sec. 13, and Exh. 3 -Page 1 ¶4,*

13. After a brief discussion, in which RINCON refused to identify himself as he stated that he had done nothing wrong, IBARRA said that because RINCON was being difficult, they would make this encounter complicated for him, *see Exh. 1 00:41-45*. IBARRA then reached through the window into RINCON's vehicle and opened his door. RINCON was directed to and did then exit his vehicle.

14. RINCON was then directed to put his hands on the roof of his car, at which point IBARRA patted down RINCON for weapons and his wallet. IBARRA then asked RINCON, "Do you have a wallet on you, sir?" *See Exh. 1-01:38-01:43*. RINCON did not answer.

15. JALOMO then stated to RINCON, "If you are not giving me a reason to be out here, you are in violation of the curfew. So, I need your license. We will cite you, and you will be on your way", see *Exh. 1 at 01:54-02:02*.

---

[2] City of Laredo's Amended Public Health Emergency Orders 2/1/2021 -P. 16 Sec. 13- "**Curfew**. A curfew shall be imposed between the hours of 10:00 PM to 5:00 AM for all social activities not occurring at an essential or non-essential business. Starting on February 5, 2021 through February 8, 2021 and on February 12, 2021 through February 15, 2021, a curfew shall be imposed between the hours of 6:00 PM to 5:00 AM for all social activities not occurring at an essential or non-essential business. A social activity would be *congregating* in any area outside of an individual's household other than for engaging and seeking the services of essential or non-essential businesses as outlined in this Order or Governor Greg Abbott's Executive Order No. GA-32, or any subsequent amendments thereto.

16. IBARRA handcuffed RINCON, and stated that because RINCON was not justifying why he was out in public after 6:00 p.m., he was arresting RINCON for violation of the curfew and for failing to identify himself. RINCON was then and placed into a patrol car. *See Exh. 1 at 02:12-02:45 and 05:07-05:12.*

17. During this part of the encounter, IBARRA began searching inside RINCON's car. RINCON stated to the officers that he did not consent to the search of his vehicle. IBARRA stated that because RINCON had violated the curfew, he had probable cause to search his vehicle. RINCON stated to IBARRA and JALOMO that an alleged violation of the curfew was not probable cause to search his car. RINCON was confident that that they could not hope to find probable cause of a curfew violation in his car.

18. Other officers appeared on scene, including a supervisor, MIRELES. MIRELES told RINCON that because officers observed him in public after 6 p.m., RINCON had committed the misdemeanor crime of curfew violation and they had the authority to arrest him, search him, and his vehicle. Further, MIRELES stated to RINCON that this is what they do to people who violate curfew.

19. RINCON was told by IBARRA, JALOMO, and MIRELES that they would be completing an inventory search of his property. RINCON observed the officer remove his firearms and ammunition from his car. Shortly thereafter, RINCON's car was towed away and impounded and RINCON was transported

to the police station and then the Webb County Jail. RINCON posted bail and then went to the impound yard and paid the towing and storage fees to pick-up his towed and impounded vehicle. RINCON's firearms and ammunition would not be returned until November of that same year.

20. IBARRA made a criminal complaint against RINCON for violating the curfew and failing to identify himself, *see Exhibit 3*. Both of these charges were dismissed on 5/6/21, *see Exhibit 5*.

21. In approximately August 2021, RINCON went to the City of Laredo Police Department to obtain public records relating to the listed defendants. RINCON learned that IBARRA was in the process of being terminated from said Police Department because he was charged with felony battery of his wife or girlfriend. No records were made available to him by the Police department.

22. Relating to the subject encounter of 2/6/21, RINCON was also charged by IBARRA with unlawful carrying of a firearm. Approximately 9 months after RINCON's arrest and the seizure of his firearms, on 11/17/21, this charge was dismissed by the District Attorney's office as they chose not to prosecute, see *Exhibit 6*. Several days after this dismissal, RINCON made a request for the return of his property. His firearms and ammunition were returned to him several days later.

## IV. CAUSES OF ACTION

### CAUSE 1

**(42 U.S.C. § 1983; 4th Amendment- Unreasonable Search and Seizure)**

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 22 above and incorporates the same as if set forth in full.

24. IBARRA, JALOMO, and MIRELES are imputed to know the laws they enforce and knew or should have known that the curfew as written only applied to social gatherings under specific circumstances. Further, that this ordinance could not and did not apply to RINCON as a single individual sitting in his car in an empty parking lot and that RINCON had committed no crime.

25. Further, these officers when seizing and searching under these circumstances, violated RINCON's established and protected 4th Amendment right to be free from unreasonable searches and seizures.

26. As a direct and proximate consequence of the acts of these Defendants, RINCON has suffered injury therefrom and is entitled to recover damages accordingly.

### CAUSE 2

**(42 U.S.C. § 1983; 4th Amendment- Unreasonable Search and Seizure)**

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 26 above and incorporates the same as if set forth in full.

28. IBARRA, JALOMO, and MIRELES as a supervisor, knew or should have known that because there was no probable cause of any crime, including a curfew violation by RINCON, that by seizing and searching his car and seizing RINCON's personal property, his car and the firearms and ammunition contained therein, that they violated RINCON's established and protected 4th Amendment right to be free from unreasonable searches and seizures.

29. In so doing, Defendant IBARRA, JALOMO, and MIRELES violated Plaintiff's rights relating to the 4th Amendment and did so with impunity and deliberate indifference.

30. As a direct and proximate consequence of the acts of these Defendants, RINCON has suffered injury therefrom and is entitled to recover damages accordingly.

## CAUSE 3

### (42 U.S.C. § 1983; 4th Amendment- Malicious Prosecution)

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 30 above and incorporates the same as if set forth in full.

32. IBARRA and JALOMO knew or should have known, as they are imputed to know the laws which they enforce, that there was no probable cause of a curfew violation by RINCON. Because IBARRA and JALOMO were angry with RINCON for not answering their questions and providing identification during this encounter, they initiated a malicious prosecution against RINCON.

IBARRA and JALOMO thereby violated RINCON's established and protected 4th Amendment right to be free from any malicious prosecutions and did so with impunity and deliberate indifference.

33. As a direct and proximate consequence of the acts of this Defendant, RINCON has suffered injury therefrom and is entitled to recover damages accordingly.

## CAUSE 4

**(42 U.S.C. Sec. 1983 - Monell claim against Defendant City of Laredo - Failure to properly train and supervise –**

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above and incorporate the same as if set forth in full.

35. Defendant CITY OF LAREDO, through its supervisors, officers, employees and training demonstrated that they have a custom, practice, or policy of detaining people, searching and seizing persons and their property absent probable cause or warrant. MIRELES, as the trained supervisor on scene, stated that "this is what we do to people who violate the curfew".

36. Defendant CITY OF LAREDO knew or should have known that their training and supervision of their officers must include clear knowledge of the ordinances they enforce, constitutional nuances of encounters, investigatory stops, arrests, and searching persons and property absent any warrant.

Further, they should properly train and supervise their employees instead of ratifying their employees illegal and unconstitutional conduct.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this honorable court find as follows:

a. That IBARRA and JALOMO violated RINCON's 4th amendment right to be free unreasonable searches when they ordered him out of his car and arrested him wrongfully as described.
b. That IBARRA, JALOMO, and MIRELES acted in violating RINCON's 4th Amendment right when they seized and searched his person and his property absent consent, warrant, or probable cause.
c. That IBARRA and JALOMO acted in violation of RINCON's 4th Amendment right to be free from a malicious prosecution.
d. That the City of Laredo failed to train and supervise their employees and thereby allowed these employees to act unfettered in violation of the Constitution as described with impunity and deliberate indifference.

Plaintiffs pray for relief against Defendants, jointly and severally, as follows:

a. Enter judgment against each and every defendant individually named and find them jointly and severally liable;
b. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, general and punitive damages according to federal law as noted against defendants IBARRA, JALOMO, MIRELES, and the CITY of LAREDO;

    c. Award punitive damages against all named defendants jointly and severally in their respective individual capacities in an amount to be determined by the jury at trial;

    d. Order that the City of Laredo provide proper constitutional training to its employees regarding ordinances and encounters with citizens.

    e. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

## DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

**I, ISMAEL RINCON, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED this 5th day of February, 2023.

Ismael Rincon, *Pro Se*
1102 S. Meadow
Laredo, Texas 78043
(210)729-9991
Email: ismarincon@hotmail.com